## HELEN S. CHONG *v.* P. Y. CHONG, ALIAS CHONG YICK CHEW.

### No. 2410.

ARGUED JULY 29, 1940.    DECIDED AUGUST 7, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

*Per Curiam.*    This is an appeal from an order appointing a receiver, pursuant to the provisions of R. L. H. 1935, § 4477.

On July 13, 1938, by the amended decree of the judge of the division of domestic relations, Helen S. Chong was granted a divorce from her husband, P. Y. Chong, for the offense of the latter. She was also awarded permanent alimony in gross and by way of ancillary relief the libelee was required to give reasonable security for such allowance. The husband appealed to this court. Pending appeal, upon refusal to give the security required, the judge of the division of domestic relations, on March 8, 1939, made the order complained of, appointing a receiver. On May 31, following, the corporation, shares of the capital stock of which were the only property possessed by the husband of any value, was adjudicated an involuntary bankrupt. The appeal of the husband upon the merits was decided by this court on April 4, 1940. The decree of divorce appealed from was affirmed in respect to the divorce granted the wife against the husband upon the ground charged but otherwise the same was reversed and the cause remanded to the trial judge for further proceedings. Pending the proceedings in bankruptcy, the receiver, appointed by the judge of the division of domestic relations, was discharged and by the order for discharge,

the husband was expressly exempted from all liability of the costs and expenses of the receivership and the same were made a charge against the assets of the bankrupt.

It was suggested by us *in limine* that the questions raised by the errors assigned to the entry of the order appointing a receiver have become moot. This the appellant concedes although refusing voluntarily to dismiss his appeal.

It would seem, under the circumstances, that even assuming that the trial judge was guilty of error in appointing a receiver, it is impossible for this court to grant appellant effectual relief and that the questions involved in the assignments of error become moot and their consideration unnecessary.

The appeal herein is accordingly dismissed.

*M. K. Ashford* and *W. H. Heen* for libelee-appellant.

*W. Y. Char* (*C. S. Davis* of record) for libelant-appellee.